IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Carlos Kinlaw and God Sent Transport LLC, | ) C/A No.: 9:14-2815-DCN-WWD )  ) |
| Plaintiffs, | ) **REPORT AND RECOMMENDATION** ) |
| vs. | ) ) |
| Lowes Home Center Inc.; Sedgwick Claims Management Services Inc.; Joseph P. Tobin, *M.D.*; Jon Hyman, *M.D. P.C.*; Richard J. Friedman, *M.D.*; McAngus, Goudelock & Courie LLC; Brian O'Keefe; Fletcher M. Johnson; and Erin L. Hantske, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff Carlos Kinlaw ("Plaintiff" or "Kinlaw"), proceeding pro se and in forma pauperis, filed the instant suit on or about July 14, 2014. (Dkt. No. 1.)[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that the Complaint should be summarily dismissed, without prejudice and without issuance and service of process.

---

[1] The Complaint also lists God Sent Transport LLC as a Plaintiff. (See generally Compl.) The undersigned's Order dated August 5, 2014 stated, *inter alia*,

> Although this case was also filed on behalf of God Sent Transport, LLC, Plaintiff Kinlaw cannot bring the instant action on behalf of God Sent Transport, LLC. See, e.g., First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1290-91 (Fed. Cir. 1999) (*pro se* actions by non-attorneys on behalf of corporations "fail for lack of standing"); Pridgen v. Andresen, 113 F.3d 391, 392-93 (2d Cir. 1997) (*pro se* litigant may not represent corporation, partnership, or "his or her minor child"). Accordingly, if an attorney admitted to practice in this district does not file a Notice of Appearance on behalf of Plaintiff God Sent Transport LLC, the undersigned will recommend that Plaintiff God Sent Transport, LLC be dismissed.

(Dkt. No. 8 at 1 n.2.) No attorney has appeared on behalf of Plaintiff God Sent Transport LLC. Accordingly, the undersigned recommends that Plaintiff God Sent Transport LLC be dismissed.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal.

The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore

2

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

The instant lawsuit appears to arise out of Plaintiff's dissatisfaction with his workers' compensation case.[2] Plaintiff alleges that Lowes Home Centers, Inc. and Sedgwick CMS, Inc., "committed fraud, collusion, civil RICO, conspiracy, and broke HIPAA in a workers compensation case by using attorneys and doctors to give them reports in their favor." (Dkt. No. 1 at 5 of 7.) Plaintiff alleges that two attorneys (defense attorney at McAngus Brian O'Keefe and Plaintiff's attorney Fletcher M. Johnson) "committed a fraud by using the workers compensation settlement to get a resignation and release from [Plaintiff's] job on March 16, 2011." (Dkt. No. 1 at 5 of 7.) Plaintiff alleges that the attorneys broke the workers' compensation "law in the state of South Carolina, they both never told [Plaintiff] that the law was being broken and the South Carolina Workers Compensation Commission would not enforce the law they help with the fraud." (Id.)

Plaintiff also names three physicians as Defendants (Dr. Tobin, Dr. Hyman, and Dr. Friedman); Plaintiff complains that Dr. Tobin "lied to help them win the case in his workers compensation reports." (Dkt. No. 1 at 5 of 7.) It appears that Plaintiff takes issue with Dr. Tobin's opinion that "there was no pathology in the hip and knee" corresponding with Plaintiff's complaint of "left calf and left leg pain." (Id.) Plaintiff lodges a similar complaint against Dr. Hyman. (See Dkt. No. 1 at 6 of 7.) As to the last two Defendants (Hantske and Friedman), Plaintiff alleges as follows (verbatim): "Erin L. Hantske help with trying to said

---

[2]In Section I.B. of the Complaint, Plaintiff references a case pending in state court in Beaufort County: Kinlaw v. Workers Compensation Commission of South Carolina, 2014CP0701142.

the fraud was a addendum to a doctor note from Richard Friedman in a appeal to South Carolina Workers Compensation Commission. She also knew about the resignation and how it was got." (Id.) In the "Relief" section of his Complaint, Plaintiff states,

> I am seeking relief from the court of $375,000,000 in damage for them trying to keep me injured and the fraud the cold heart way they went through to do it. I know that the state of South Carolina help with this fraud but they are immune from any lawsuit. It would be hard to prove that they gave me a unfair trial which violate my Constitutional right to a fair trial.

(Dkt. No. 1 at 7 of 7.)

## DISCUSSION

The undersigned recommends dismissing the instant action without prejudice and without issuance and service of process. To the extent Plaintiff seeks to bring a cause of action pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), such a claim fails because there is no private cause of action under HIPAA. See Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1080 (9th Cir. 2007) (noting that HIPAA provides for no private right of action); Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006) (same); Treece v. Winston-Wood, Civ. A. No. 3:10-2354-DCN-JRM, 2012 WL 887476, at *8 (D.S.C. Feb. 23, 2012), adopted at 2012 WL 896360 (D.S.C. Mar. 15, 2012).

Plaintiff also seeks to assert a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). See 18 U.S.C. § 1962; 18 U.S.C. § 1964. RICO "provides a private right of action . . . to '[a]ny person injured in his business or property by reason of a violation' of the Act's criminal prohibitions." Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 641 (2008) (quoting 18 U.S.C. § 1964(c)). A plaintiff seeking civil damages under RICO must allege and prove four elements: "(1) conduct [causing injury

4

to business or property] (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1995). A pattern of racketeering activity "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). The RICO Act includes a list of criminal offenses that constitute "racketeering activity" or predicate acts. See 18 U.S.C. § 1961(1); see also Parkell v. South Carolina, 687 F. Supp. 2d 576, 590 (D.S.C. 2009) ("'Racketeering activity' is defined as criminal conduct in contravention of one of a list of criminal statutes.").

Although not factually identical to the case *sub judice*, the Sixth Circuit's opinion in Jackson v. Sedgwick Claims Management Services, Inc., 731 F.3d 556 (6th Cir. 2013) *(en banc)*, is instructive. In Jackson, employees who suffered work-related injuries filed suit against their employer, Sedgewick Claims Management Services, Inc. (the "administrator"), and a doctor, alleging that the three "engaged in a fraudulent scheme involving the mail . . . to avoid paying benefits to injured employees" in violation of RICO. Jackson, 731 F.3d at 557. The Sixth Circuit affirmed the district court's dismissal of the action pursuant to Rule 12(b)(6), concluding that the plaintiffs "failed to allege that they were 'injured in [their] business or property,' as is required to state a claim for a civil RICO damages action." Id. at 562 (quoting 18 U.S.C. § 1964(c)). The Sixth Circuit stated, *inter alia*,

> [T]hose regional circuits that have construed the phrase "business or property" have uniformly recognized that "the ordinary meaning of the phrase 'injured in his business or property' excludes personal injuries, including the pecuniary losses therefrom." Grogan v. Platt, 835 F.2d 844, 847 (11th Cir.1988) (denying civil RICO standing to FBI agents injured in a gun fight with members of a criminal enterprise). This court has done likewise. See, e.g., Fleischhauer v. Feltner, 879 F.2d 1290, 1300 (6th Cir.1989). Thus, "a person physically injured in a fire whose origin was arson is not given a right to recover for his personal injuries [under § 1964(c)]; damage to his business

5

or his building is the type of injury for which § 1964(c) permits suit." Bankers Trust Co. v. Rhoades, 741 F.2d 511, 515 (2d Cir.1984), *vacated on other grounds*, 473 U.S. 922, 105 S.Ct. 3550, 87 L.Ed.2d 673 (1985).

. . .

In this case, the plaintiffs claim that they were legally entitled to receive certain benefits mandated by statute as a consequence of their personal injuries, and that they received less than they were entitled to under that system because of the defendants' racketeering conduct. But the losses they allege are simply a shortcoming in the compensation they believed they were entitled to receive for a personal injury. They are not different from the losses the plaintiffs would experience if they had to bring a civil action to redress their personal injuries and did not obtain the compensation from that action they expected to receive. Michigan's decision to create a workers' compensation system does not transform a disappointing outcome in personal injury litigation into damages that can support a RICO civil action, even if Michigan law characterizes the benefits awarded under this system as a legal entitlement. Accordingly, racketeering activity leading to a loss or diminution of benefits the plaintiff expects to receive under a workers' compensation scheme does not constitute an injury to "business or property" under RICO.

Jackson, 731 F.3d at 565-66 (footnote omitted).

The undersigned finds the Sixth Circuit's reasoning in Jackson persuasive and recommends dismissal of the case *sub judice* for the reasons set forth in the Jackson opinion. Furthermore, Plaintiff's RICO claim fails because he does not allege a pattern of racketeering activity. See H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 240 (1989) ("To establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity."); Flip Mortgage Corp. v. McElhone, 841 F.2d 531, 538 (4th Cir.1988) (holding that a fraudulent scheme occurring over several years but impacting only one victim did not constitute RICO

6

violation: "Given the unity and narrow focus of the scheme, the fact that the planned injury was inflicted and suffered over a period of years cannot convert this single scheme into a pattern within the meaning of RICO."); Int'l Data Bank, Ltd. v. Zepkin, 812 F.2d 149, 154-55 (4th Cir. 1987) (holding the plaintiff's RICO claim fails because there was no allegation of a "pattern of racketeering activity" where "[t]he fraudulent acts alleged by [the plaintiff] were part of a single, limited scheme to defraud" and also stating, "Without attempting an all-embracing definition of the pattern requirement, we believe that a single, limited fraudulent scheme . . . is not of itself sufficient to satisfy § 1961(5)"); see also Gatoli (U.S.A.), Inc. v. Forest Hill State Bank, 822 F.2d 55 (4th Cir. 1987) (unpublished table decision) (affirming district court's holding that four allegedly unauthorized wire transfers were insufficient to constitute a "pattern of racketeering activity").

For the reasons discussed herein, Plaintiff fails to state a claim pursuant to HIPAA or RICO, and his federal claims should therefore be dismissed. To the extent Plaintiff also seeks to bring causes of action pursuant to state law, the undersigned recommends dismissal of those claims pursuant to 28 U.S.C. § 1367(c)(3).[3] See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); see also U.S. ex rel. Scott v. Metropolitan Health Corp., 375 F. Supp. 2d 626, 647 (W.D. Mich. 2005).

---

[3]Based on Plaintiff's allegations, it does not appear that diversity jurisdiction is present in the instant case. (See Dkt. No. 1 at 4 of 7.)

**RECOMMENDATION**

For the foregoing reasons, the instant action should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiffs' attention is directed to the important notice on the next page.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 11, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).